## ANDERSON v INDUSTRIAL COMM. OF OHIO

Ohio Appeals, 2d Dist, Franklin Co

No 2858. Decided May 10, 1938

Wardlaw, Gertner & Armstrong, Columbus, for appellee.

Ralph J. Bartlett, Prosecuting Attorney, Columbus; David B. Sharp, Columbus, and Edwin B. Paxton, Asst. Pros. Atty., Columbus, for appellant.

## OPINION

**BY THE COURT:**

The above entitled cause is now being determined on appellee's motion for an order dismissing the appeal of the appellant for the reason that appellant's brief was not filed within the time provided by Rule VII of the Revised Rules of Practice of Courts of Appeals of Ohio.

Within the file we do find three copies of briefs filed by appellant, but it is conceded that these briefs were not filed within the fifty days provided under the rule but fifty-three days following the notice of appeal.

For more than two years this Court has been adhering strictly to the rule requiring briefs to be filed within the fifty days. Notice of such intention was given in the Daily Reporter for several weeks as to the fixed time within which strict adherence to the rule would be followed. Unfortunately counsel continue to disregard the rule. Three cases have been carried to the Supreme Court upon our order of dismissal. In no instance has the Supreme Court admitted the cases. It is always a source of regret when we are compelled to dismiss for failure to observe the rule. Lack of cooperation on the part of some lawyers made it necessary for us to give notice requiring strict compliance. Counsel for appellant filed brief in answer to appellant's motion to dismiss. That the brief was not filed in time is admitted. It is sought to invoke the provisions of the rule by a claim of "good cause". The claimed "good cause" is the sickness of an Assistant Prosecuting Attorney who had personal charge of the preparation of the brief.

An affidavit disclosing the sickness, etc., accompanied the brief. Our court had the identical question in case No. 2617, Court of Appeals, Franklin County, Tax Commission of Ohio, et v The High Street Hotel Company. In the decided case it was claimed that an Assistant Attorney General having charge of the preparation of the

brief had been sick and .hat the delay in filing was due to such sickness.

We held in that case and are compelled to so hold in the instant case that no showing was made but what application might have been made within the time for an extension of time within which to file briefs. Upon such application and showing our court would be very liberal in ordering a reasonable extension of time.

In practice the usual mechanics adopted for counsel desiring extension is to submit entry to opposite counsel and very generally the extension is granted by agreement. In instances where counsel will not agree to the extension application should be filed with the Clerk of the proper Court before the date of expiration. Notice should be served on the opposite counsel as required in all cases. Thereafter application and supporting affidavit showing good cause should be forwarded to the presiding judge.

In line with our former rulings the appeal will be dismissed for failure to prosecute.

BARNES, PJ, HORNBECK & GEIGER, JJ, concur.

## ON APPLICATION FOR REHEARING

Decided May 14, 1938

BY THE COURT:

The above entitled cause is now being determined on appellant's application for rehearing. The memoranda accompanying the application refers to Rule VII of the Court of Appeals and its construction as contained in the case of **Gusweiler v The Parkview Apartments, et, Vol. 7, OO, p. 1.** This decision of the Court of Appeals of Hamilton County is familiar to us and we have previously had it under consideration. This Court in the case of **Doe v Roe, 54 Oh Ap, 145,** held differently. This cited case definitely determines our position.

The application for rehearing will be overruled.

BARNES, PJ, HORNBECK & GEIGER, JJ, concur.