ABDUL, Plaintiff-Appellant, v. ABDUL, Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

No. 4912. Decided August 20, 1953.

Horace S. Kerr, Columbus, for plaintiff-appellant.
Maugan & Vacca, Columbus, for defendant-appellee.

## OPINION

By THE COURT.

Submitted on motion of the defendant-appellee seeking an order dismissing the appeal for the following reasons:

1. Failing to file appellant's brief in accordance with Rule VII.

2. No appeal lies from an order allowing expense money pendente lite.

The record reveals that the order appealed from is one allowing expense money to the appellee pendente lite; that the Court had previously made an allowance of $500.00 for expense money and in the order appealed from an additional allowance of $250.00 was made. The question first presented is whether or not the order is an appealable one. We are of the opinion that it is not, for our Supreme Court has recently held in the case of McMahon v. McMahon, 156 Oh St 280, that an order for alimony pendente lite "is not a judgment or final order from which an appeal on questions of law may be taken."

As to the first branch of the motion, it appears that more than 50 days after the filing of the notice of appeal an entry was journalized extending the time for the filing of the appellant's brief. This entry was not approved by opposing counsel and the Court was not advised that the time for filing the brief had elapsed. It was therefore made under a misunderstanding of the factual situation, and the order should be vacated. This Court has consistently held that Rule VII must be ·

strictly complied with as to the time of filing bill of exceptions, assignment of errors and brief and upon failure to do so the appeal will be dismissed. **Anderson v. Industrial Commission, 28 Abs 634, 135 Oh St 77; Nickerson v. Nickerson, 84 Oh Ap 516; Peck v. County Commrs., 28 Abs 702; Merrill v. Moore, 52 Abs 301.**

The motion will be sustained upon both of the assigned grounds.

The appellee has also moved for an allowance of additional expense money incurred in resisting this appeal. Since this matter is to be referred back to the trial Court which has jurisdiction to make adequate allowance for all expenses incurred, we will overrule the same.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.